## S01A0775. HILL v. THE STATE.
### (549 SE2d 383)

CARLEY, Justice.

A jury found Troy Hill guilty of felony murder while in the commission of aggravated assault against Mandrell Hurst, commission of aggravated assault on Dondray Hurst, and possession of a firearm on school grounds. The trial court sentenced him to life for murder, and to concurrent terms of years for the other offenses. Following the denial of a motion for new trial, Hill appeals from the judgments of conviction and sentences entered on the jury's guilty verdicts. He enumerates as error only the general grounds.[1]

The victims, who were brothers, attended a basketball game at Northeast High School in Macon. Upon leaving the game, they and

---

[1] The crimes were committed on November 24, 1993. The grand jury indicted Hill on January 13, 1994. On May 27, 1994, the jury returned its guilty verdicts. On June 3, 1994, the trial court entered the judgments of conviction and sentences. Hill filed a motion for new trial on June 23, 1994, which the trial court denied on November 6, 2000. He filed a notice of appeal on December 1, 2000, and the case was docketed in this Court on February 21, 2001. The appeal was submitted for decision on April 16, 2001.

their friends were confronted by another group, one of whom struck Dondray Hurst from behind with a stick. Dondray Hurst turned and, seeing Hill, yelled that Hill was armed. Dondray and Mandrell Hurst fled. Hill pursued Dondray Hurst, and fired two shots in his direction. Mandrell Hurst jumped in a ditch and ran behind a car. After a third round was fired, a witness saw Hill running down the road and Mandrell Hurst grab himself as if shot. The murder victim then fell into the ditch where his body was found. He died from a gunshot wound to the back. Hill discarded his weapon, but it was eventually recovered by the police. Ballistics testing showed that the only shell casings found on the school grounds were probably fired from this gun. In his trial testimony, Hill admitted that he shot at Dondray Hurst, but claims that he acted in self-defense. He denied shooting Mandrell Hurst. However, no witness saw anyone other than Hill fire a gun that night.

By his own admission, Hill was guilty of possessing a weapon on school grounds and, unless the jury believed his justification defense, he was also guilty of the aggravated assault against Dondray Hurst. Although there was no eyewitness testimony that he actually killed Mandrell Hurst, there was ample circumstantial evidence of his guilt of the felony murder. When the evidence is construed most strongly for the State and against Hill, it is sufficient to authorize a rational trier of fact to find him guilty of the three crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. All the Justices concur.*

DECIDED JULY 16, 2001.

*Joesph M. Williams*, for appellant.

*Charles H. Weston, Sr., District Attorney, Dorothy A. Vinson, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.